IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Maritza Dominguez Braswell**

Civil Action No. 22–cv–00740–CMA–MDB

PORTIA ADAMSON, on behalf of herself and all others similarly situated,

     Plaintiff,

v.

VOLKSWAGEN GROUP OF AMERICA, INC., a New Jersey corporation d/b/a AUDI OF
AMERICA, INC., and
AUDI COLORADO SPRINGS, on behalf of itself and all others similarly situated,

     Defendants.

---

## ORDER

---

Before the Court is "Defendant Volkswagen Group of America, Inc.'s Motion to Stay

Discovery," filed by Defendant Volkswagen Group of America, Inc. d/b/a Audi of America, Inc.

["AOA"]. (["Motion"], Doc. No. 27.) Defendant Audi Colorado Springs ["ACS"] has filed a

joinder in support of the Motion, Plaintiff Portia Adamson ["Plaintiff"] has responded in

opposition to the Motion, and Defendant AOA has replied. (["Joinder"], Doc. No. 30;

["Response"], Doc. No. 37; ["Reply"], Doc. No. 44.) For the following reasons, the Motion is

**GRANTED**.

## STATEMENT OF THE CASE

This is a putative class action lawsuit centering on federal antitrust claims that lessees of

Audi vehicles assert against independent, authorized Audi dealers. The sole named Plaintiff

alleges, specifically, that the two named Defendants "have acted in concert to restrict the entry of off-lease Audi automobiles into the free, open used car market," by refusing to provide "payoff figures" to Audi lessees, and by refusing to allow Audi lessees to use "third-party funds" to exercise the early lease buyout option set forth in their Audi lease agreements. (Doc. No. 1 at ¶¶ 3, 25-101.) Plaintiff's Class Action Complaint, filed on March 25, 2022, asserts that Defendants' alleged actions violated Section 1 of the Sherman Antitrust Act, 15 U.S.C. § 1. (*Id.* at ¶¶ 116-24.)

On June 17, 2022, Defendant AOA responded to Plaintiff's allegations by filing a motion to dismiss this case, in its entirety, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), while Defendant ACS filed a joinder in support of Defendant AOA's motion to dismiss. (Doc. Nos. 28-29.) In the motion to dismiss, Defendant AOA argues, among other things, that Plaintiff lacks Article III standing to bring this case, and that she also lacks antitrust standing under the federal statute. (Doc. No. 28 at 9-17.) In the joinder, Defendant ACS incorporates all of Defendant AOA's arguments for dismissal of the case, and states that "the same legal analysis" forming the basis of Defendant AOA's motion to dismiss applies to Plaintiff's claims against it. (Doc. No. 29 at 2.)

That same day, Defendant AOA filed a motion to stay discovery pending resolution of its motion to dismiss, and Defendant ACS filed a joinder in full support of that motion as well. (Doc. Nos. 27, 30.) Defendant AOA argues that a discovery stay is warranted here, because its motion to dismiss seeks dismissal of the entire case "on multiple independent grounds," including jurisdictional grounds. (Doc. No. 27 at 1, 7-8.) Defendants contend that "AOA and other parties should not be faced with the extraordinary burden of discovery in a putative

plaintiff and defendant antitrust class action where Plaintiff's Complaint is fundamentally deficient and fails as a matter of law." (*Id.* at 1-2.)

On June 30, 2022, Plaintiff filed a response to Defendant AOA's motion to stay, asserting that the underlying motion to dismiss is "meritless," and contending that Defendants' concerns as to the burdens of discovery in this case are "baseless." (Doc. No. 37 at 5, 11.) Plaintiff insists that her claims are "meritorious," and she argues that "[p]rompt prosecution of this litigation is clearly in the public interest and should not be delayed by a spurious motion to dismiss." (*Id.* at 5, 15.)

## STANDARD OF REVIEW

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. Rule 26(c), however, permits a court to "make an order which justice requires to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Further, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (citing *Kan. City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).

In this District, a stay of discovery is generally disfavored. *See, e.g.*, *LS3, Inc. v. Cherokee Fed. Sols., LLC*, No. 1:20-cv-03555-PAB-NYW, 2021 WL 4947284, at *2 (D. Colo. Aug. 26, 2021); *Gold, Inc. v. H.I.S. Juveniles, Inc.*, No. 14-cv-02298-RM-KMT, 2015 WL 1650900, at *1 (D. Colo. April 8, 2015); *Rocha v. CCF Admin.*, No. 09-cv-01432-CMA-MEH, 2010 WL 291966, at *1 (D. Colo. Jan. 20, 2010). Nevertheless, the decision whether to stay discovery rests firmly within the sound discretion of the Court. *United Steelworkers of Am. v. Or.*

*Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003) (quoting *Landis*, 299 U.S. at 254).

In ruling on a motion to stay discovery, five factors are generally considered: "(1) [the] plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to [the] plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934, 2006 WL 8949955, at *2 (D. Colo. Mar. 30, 2006); *see United Steelworkers*, 322 F.3d at 1227. Further, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." 8A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2040, at 198 (3d ed. 2010).

## ANALYSIS

### I. Prejudice to Plaintiff

Here, as to the first factor, Plaintiff stresses that, as a proposed class representative, she is obligated to file a motion for class certification "as early as practicable." (Doc. No. 37 at 10 (citing Fed. R. Civ. P. 23(c)(1)(A)).) Plaintiff argues that the discovery that she currently seeks from Defendants is "narrowly tailored" to include "fourteen (14) specific categories of documents specifically relevant to Plaintiff's claims and the issues of [class] certification," as well as "three (3) specific depositions." (*Id.* at 3, 10, 14; *see* Doc. No. 37-1.) Plaintiff claims that she "is not asking for anything that the Defendants, as a course of business, will not have available with the mere stroke of a key." (Doc. No. 37 at 10.) Plaintiff stresses her belief that Defendant AOA's motion to dismiss has little likelihood of success," and she contends that

"critical discovery" should not be put on hold, particularly given that Defendants' alleged misconduct is "ongoing and in violation of Public Policy." (*Id.* at 10-11.)

Defendants, on the other hand, insist that Plaintiff will suffer no prejudice from a temporary stay. (Doc. No. 27 at 4.) Defendants report that "AOA and other relevant entities have implemented litigation holds to ensure that potentially relevant materials are preserved during a stay and over the course of the litigation." (*Id.*) They contend that, should the case proceed beyond the motion to dismiss stage, "the parties will be able to commence discovery with no detrimental effect from the stay." (*Id.*) In addition, Defendants stress that the Court's resolution of the pending motion to dismiss will likely occur within "a short time." (*Id.* at 4-5.)

As to this factor, although Plaintiff inarguably possesses an interest to proceed expeditiously with her case, the Court does not find that a temporary stay of the proceedings will significantly affect that interest. Defendant AOA's motion to dismiss, which is fully briefed, has been pending for nearly four months; as such, a ruling will be forthcoming sooner rather than later. Moreover, in the interim, Defendants remain obligated to retain evidence, and they state in their briefing that they have preservation holds in place. (Doc. No. 27 at 4.) Plaintiff herself identifies no particular burden she will suffer from the imposition of a brief discovery stay. (*See generally* Doc. No. 37.) Accordingly, the first factor weighs only slightly against the imposition of a stay. *See In re Broiler Chicken Grower Litig.*, No. 6:17-cv-00033-RJS, 2017 WL 3841912, at *4 (E.D. Okla. Sept. 1, 2017) (finding that the imposition of a temporary discovery stay in a putative class action antitrust case pending resolution of a motion to dismiss would cause "only a comparatively small amount of harm" to the plaintiffs, where among other things, the litigants had preservation holds in place to ensure the retention of evidence).

## II. Burden to Defendants

Turning to the second factor, Defendants argue that discovery in this lawsuit will be "significant" and "burdensome." (Doc. No. 27 at 5.) Defendants stress that "[t]his case is a putative antitrust class action filed on behalf of a putative nationwide plaintiff class of consumers against, among other parties, a putative nationwide defendant class of more than 300 Audi dealers." (*Id.*) According to Defendants, "[d]iscovery would require collection and review of years of records regarding AOA's, AOA's captive finance company's, and Audi dealerships' leasing policies and practices," as well as leasing records regarding "more than a hundred thousand consumers nationally." (*Id.* (citing Doc. No. 1 at ¶ 103).) In addition, they argue that Defendant AOA's motion to dismiss raises several jurisdictional challenges to Plaintiff's claims, and if granted, the motion to dismiss would be "case-dispositive." (*Id.* at 7-8.)

Plaintiff, in response, argues that Defendants have failed to show that they would suffer "any extraordinary burden" from proceeding with discovery in this case. (Doc. No. 37 at 11.) Plaintiff insists that Defendants' concerns regarding discovery are "baseless," purportedly because the putative defendant class has "heavily automated systems which allow production of the discovery sought at the push of a button." (*Id.*) In addition, Plaintiff argues that her claims are "meritorious," and that pending motion to dismiss is "meritless." (*Id.* at 5-10.)

As to this factor, it must be stressed, first, that a stay is not warranted merely by virtue of a defendant's filing of a purportedly dispositive motion to dismiss. *See PopSockets LLC v. Online King LLC*, No. 19-cv-01277-CMA-NYW, 2019 WL 5101399, at *3 (D. Colo. Oct. 11, 2019); *Church Mut. Ins. Co. v. Coutu*, No. 17-CV-00209-RM-NYW, 2017 WL 3283090, at *3 (D. Colo. Aug. 2, 2017) ("[N]o element of the *String Cheese* factors requires that this court make

a preliminary determination as to the likelihood of success of either the dispositive motion or the

ultimate merits of the case."). With that said, the Court finds that the second factor does support

the imposition of a stay pending resolution of Defendant AOA's previously filed motion to

dismiss. Importantly, the motion to dismiss addresses threshold questions of law, including

several jurisdictional challenges. *See Burkitt v. Pomeroy*, No. 15-cv-02386-MSK-KLM, 2016

WL 696107, at *1 (D. Colo. Feb. 22, 2016) ("Questions of jurisdiction . . . should be resolved at

the earliest stages of litigation, so as to conserve the time and resources of the Court and the

parties."); *Sallie v. Spanish Basketball Fed'n*, No. 12-cv-01095-REB-KMT, 2013 WL 5253028,

at *2 (D. Colo. Sept. 17, 2013) ("Courts have recognized that a stay is warranted while the issue

of jurisdiction is being resolved."); *see also Morrill v. Stefani*, No. 17-cv-00123-WJM-KMT,

2017 WL 1134767, at *2 (D. Colo. Mar. 13, 2017) (finding the plaintiff's interest in proceeding

expeditiously with the case to be overcome by the potential burden to the defendants "if they

were forced to proceed with discovery only to have the case dismissed for lack of jurisdiction").

Specifically, Defendants have set forth what appears to be a well-supported argument that

Plaintiff lacks constitutional standing and/or antitrust standing to bring this case. *See Wyers*

*Prods. Grp. v. Cequent Performance Prods., Inc.*, No. 12-cv-02640-REB-KMT, 2013 WL

2466917, at *2-3 (D. Colo. June 7, 2013) (finding that the plaintiff's interest in proceeding

expeditiously with the case was "overcome by the burden [the defendant] might face if it were

forced to proceed with discovery," where the motion to dismiss "lodged colorable arguments"

that the court lacked subject matter jurisdiction over the claims). Moreover, the Court agrees

with Defendants that discovery in this case will likely be complex, as well as costly. *See Am.*

*Cricket Premier League, LLC v. USA Cricket*, No. 19-cv-01521-WJM-KMT, 2019 WL

13195402, at *4 (D. Colo. Nov. 15, 2019) (finding the second factor to weigh "strongly" in favor of staying discovery in a class action antitrust case, given that discovery in such cases is "voluminous," "expansive," and "costly"). Accordingly, this factor weighs strongly in favor of a stay.

### III. Remaining Factors

Looking to the remaining *String Cheese Incident* factors, the third "court convenience" factor weighs in favor of stay. Indeed, judicial economy and resources would plainly be wasted if the Court allowed discovery to proceed, only to later determine that the case must be dismissed for a lack of subject matter jurisdiction. *See Burkitt*, 2016 WL 696107, at *2 ("[I]t is certainly more convenient for the Court to stay discovery until it is clear that the case will proceed."); *Hildebrand v. Douglas Dynamics, Inc.*, 15-cv-00486, 2015 WL 2207773, at *1 (D. Colo. May 6, 2015) ("[I]t is early in the litigation and resolving legal issues at the early stage before discovery accords with judicial efficiency."). The fourth factor also supports the imposition of a stay, given that the parties' briefing identifies at least two anticipated third-party deponents. (Doc. No. 27 at 9 ("VW Credit Leasing Ltd."); Doc. No. 37 at 12 ("Audi National Dealer Council Chairman, Don Flow"); *see Hay v. Family Tree, Inc.*, No. 16-cv-03143-CMA-KLM, 2017 WL 2459777, at *2 (D. Colo. June 6, 2017) (finding the fourth factor to weigh in favor of a stay, where discovery was likely to "involve significant efforts concerning others who are not parties to th[e] lawsuit"). As to the fifth factor, the general public's primary interest in this case is an efficient and just resolution. Avoiding wasteful efforts by the court and the litigants serves that purpose.

On this record, then, having weighed the appropriate factors, the Court finds that a stay of discovery is appropriate in this case.

**CONCLUSION**

For the foregoing reasons, **IT IS ORDERED THAT**:

(1) "Defendant Volkswagen Group of America, Inc.'s Motion to Stay Discovery" (Doc. No. 27) is **GRANTED**.

(2) Discovery in this matter is **STAYED**, pending a ruling on the outstanding motion to dismiss (Doc. No. 28).

(3) The parties **SHALL** file a joint status report within ten days of a final ruling on the outstanding motion to dismiss, if any portion of the case remains, to advise whether a proposed scheduling order deadline should be set.

DATED: October 3, 2022.

BY THE COURT:

Maritza Dominguez Braswell
United States Magistrate Judge